UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN L. REED,

      Petitioner,

v.                                           CAUSE NO. 3:22-CV-505-DRL-MGG

WARDEN,

      Respondent.

OPINION AND ORDER

Stephen L. Reed, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (WCC-21-7-329) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of use of a controlled substance in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with a loss of thirty days earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended habeas petition, Mr. Reed asserts violations of his right to be heard by an impartial decisionmaker, his right to present evidence, and his right to a written explanation of the decision. However, his sole concern is whether the administrative record adequately establishes the chain of custody for his urine sample, so the court construes his claims as an insufficiency of the evidence argument.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report and statements from two other correctional officers regarding the chain of custody:[1]

> I, Officer Brosam, did do the urine drug test.

> I, Sergeant Paul Butler, supervised a urine drug screen on Offender Reed. Upon reading the test results, I observed the line designated "M-AMP," which indicated a positive result for methamphetamine. The urine sample was sent to Redwood Labs for confirmation.

> I, Officer Zaragoza, did hand the package contain the urine specimen to the courier. The chain of custody was established by Sergeant Butler, who signed the laboratory test requisition form. This form was already signed by the resident and included in the sealed FedEx shipping bag.

ECF 6-1 at 1-3.

Mr. Reed contends that these statements are contradictory, but they are not. Together, they convey that Officer Brosam conducted the urine test on Mr. Reed under the supervision of Sergeant Butler. Sergeant Butler then prepared the paperwork for outside confirmation and gave the urine sample to Officer Zaragova. Officer Zaragova gave the urine sample to the courier to be delivered to Redwood Labs. Mr. Reed further contends that, under departmental policy, Officer Brosam rather than Sergeant Butler

---

[1] These statements are not exact quotes but are instead edited for clarity.

2

should have prepared the paperwork as the officer who conducted the urine test, but the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

The administrative record also contains a photograph of the field test results. ECF 1-1 at 5. The hearing report further indicates that the hearing officer considered the positive test results from Redwood Labs, though Mr. Reed did not attach these test results to the petition. *Id.* at 4. The conduct report, the statements from other correctional officers, and the drug test results constitute some evidence that Mr. Reed used a controlled substance. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

If Mr. Reed wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 6);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Stephen L. Reed leave to appeal *in forma pauperis*.

SO ORDERED.

July 27, 2022                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court